IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 1:06CR47-CSC |
| | ) | |
| ALEXIS E. BELL | ) | |

### **ORDER**

On June 26, 2006 the defendant filed a motion for continuance in this case. Upon consideration of the motion, the court concludes that the motion should be granted.

While the granting of a motion for continuance is left to the sound discretion of the court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Davenport*, 935 F.2d 1223, 1229 (11th Cir. 1991). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the

attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

The defendant has requested and the prosecutor has tentatively approved pretrial diversion. Failure to continue the trial until a final decision is made on diversion is not in the public interest. For these reasons, the court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, and it is

ORDERED that the motion for a continuance is due to be and is hereby GRANTED. It is further

ORDERED as follows:

1. That this case be and is hereby continued for jury selection on and trial during the term beginning on September 11, 2006.

2. All applicable deadlines contained in the prior arraignment order and pretrial order are adjusted accordingly; provided, however, that the deadline for the filing of pretrial, dispositive motions is not extended.

Done this 14th day of July, 2006.

        /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE